No. 3084

Second Circuit

———

DAVIS v. HERRIN TRANSFER & WARE-
HOUSE CO.

———

(March 14, 1928.   Opinion and Decree.)

———

(*Syllabus by the Court*)

1. Louisiana    Digest—Appeal—Par.    521,
   625; Warehousemen and Warehouse Re-
   ceipts—Par. 11.

In a suit by a bailor against a bailee for
the value of goods alleged to have
been converted to its own use by the
latter and the bailee reconvenes
against the bailor for storage charges
and the evidence adduced on trial
was insufficient to enable the Court
to render a judgment on the merits
that would do justice to both parties,
a judgment dismissing, as in case of
non-suit, the demands of both par-
ties, will be affirmed on appeal.

Appeal from the First Judicial District
Court of Louisiana, Parish of Caddo. Hon.
T. F. Bell, Judge.

Action by John W. Davis against Her-
rin Transfer & Warehouse Company, Inc.

There was judgment for defendant and
plaintiff appealed.

Judgment affirmed.

Looney & Logan, of Shreveport, attor-
neys for plaintiff, appellant.

Robert L. Garrett, of Shreveport, attor-
ney for defendant, appellee.

STATEMENT OF THE CASE.

REYNOLDS, J.  Plaintiff, John W. Davis,
sued defendant, Herrin Transfer & Ware-
house Company, Inc., for $776.00, as the
value of certain household goods alleged
to have been delivered to it by him to be
stored and which, he alleged, it refused
to return to him on demand, and for
$150.00 for alleged wrongful detention of
the property.

Defendant filed a plea of vagueness and
on trial it was sustained and plaintiff
ordered to make his petition more cer-
tain.

Plaintiff thereupon filed an amended
petition.

Defendant filed an exception of no cause
of action to the original and amended
petition and on trial the exception was
overruled.

Reserving its rights under its exception
defendant filed an answer denying the
allegations of the petition and alleging
that it leased a certain warehouse for-
merly leased and occupied by the Inter-
state Transfer & Warehouse Company and
found therein certain household goods, the
ownership of which was unknown to it at
the time and that it subsequently learned
they belonged to the plaintiff; that it kept
the goods in storage in its warehouse
from April 1, 1923; that a reasonable
charge for the storage is $10.00 a month;
that plaintiff was indebted to it for such
storage charges for the time from April
1, 1923, to May 15, 1926, in the sum of
$375.00, and at the rate of $10.00 per
month for each month thereafter until
the termination of the suit.  Defendant ad-
mitted that plaintiff had demanded the re-
turn to him of certain of the stored arti-
cles and alleged that plaintiff did not
pay or offer to pay in cash or make a
legal tender of the storage charges.

And defendant reconvened against plain-
tiff for $375.00, storage charges from April

1, 1923, to May 15, 1926, and for storage charges at the rate of $10.00 per month from May 15, 1926, until the termination of the suit, with legal interest from judicial demand and recognition of its privilege as warehouseman on the goods.

On these issues the case was tried and there was judgment dismissing, as in case of non-suit, both the demand of plaintiff and the reconventional demand of defendant, and the plaintiff appealed and defendant has answered the appeal.

### OPINION.

The Interstate Transfer & Warehouse Company, had on storage in its warehouse, certain household goods belonging to plaintiff. It became defunct and vacated the premises occupied as a warehouse. Defendant leased the premises and found therein unclaimed, the household goods whose owner was unknown to it. This was on or about April 1, 1923. It subsequently learned that the goods were the property of plaintiff. The goods remained in storage, and on or about January 9, 1926, plaintiff demanded the return of the goods or some of them without paying or offering to pay in cash or making a legal tender of the storage charges, and, failing to get them, brought this suit for their alleged value and defendant reconvened for storage charges.

The evidence adduced on the trial was too vague and insufficient to enable the Court to render judgment on the merits that would do justice to both parties and he dismissed both plaintiff's demand and defendant's reconventional demand as in case of non-suit. After reading the record we are of the opinion of the district judge, that it is insufficient to enable a judgment on the merits of the case that would do justice to both parties to be rendered thereon. The record does not show with any degree of certainty exactly what property belonging to plaintiff came into the possession of the defendant when it took over the former warehouse of the defunct Interstate Transfer & Warehouse Company or the value at that time or at the time of the trial in the Court below of the goods claimed by plaintiff to have been so received by defendant. We are therefore of the opinion that the judgment dismissing as in case of non-suit the demands of both plaintiff and defendant in reconvention is right and accordingly it is affirmed.